The Honorable Jay Bradford State Representative Post Office Box 8367 Pine Bluff, AR 71611
Dear Representative Bradford:
I am writing in response to your request for an opinion on the following:
 The City of Pine Bluff has an Aviation Commission which was created pursuant to A.C.A. Sections 14-359-101 et. seq. The city also has a Wastewater Utility, was created [by] statutes now codified as A.C.A. sections 14-201-201 et seq. The question has arisen regarding whether the manager of the Wastewater Utility, who is appointed by and answers to the Utility Commission, is eligible for appointment as a member of the Aviation Commission, as he meets all other requirements. The Wastewater Utility provides sewer services to the city airport, Grider Field, which is administered by the Aviation Commission.
 #1. Would the manager of the Wastewater Utility be precluded from appointment as a member of the city's Aviation Commission in light of the language of A.C.A. Section 14-359-115(b) when read in conjunction with A.C.A. § 14-42-107(a)(2)?
 #2. If not precluded by code provision, would the Utility Manager be precluded from appointment as a member of the city's Aviation Commission under common law, such as incompatible duties or conflict of interest?
RESPONSE
In response to Question One, while A.C.A. § 14-42-107(a)(2) (Supp. 2005) does not prohibit the dual service, the prohibition in A.C.A. § 14-42-107(b)(1) (Supp. 2005), as applicable to the Aviation Commissioners per A.C.A. § 14-359-115 (Supp. 2005), would preclude such dual service absent an authorizing ordinance. In response to Question Two, should an authorizing ordinance be enacted, in my opinion the dual service would not be prohibited under common law principles because the statute has abrogated the doctrine of incompatibility. However, the simultaneous service in such a situation may present conflict of interest concerns which would necessitate recusal or abstaining with regard to particular votes or actions. In such a situation, I recommend consultation with local counsel more familiar with the specific duties and responsibilities of the positions involved.
Question One: Would the manager of the Wastewater Utility beprecluded from appointment as a member of the city's AviationCommission in light of the language of A.C.A. Section14-359-115(b) when read in conjunction with A.C.A. §14-42-107(a)(2)?
In response to Question One, in my opinion, under the facts set forth in your request for an opinion, because the individual in question was first the manager of the wastewater utility before being appointed to the aviation commission, there is no statutory bar to the dual service under A.C.A. § 14-42-107(a)(2), applicable per A.C.A. § 14-359-115. However, A.C.A. §14-14-107(b)(1) would prohibit the dual service because a municipal officer, such as an airport commissioner, may not have direct or indirect interest in the profits of a contract for services with the municipality, such as employment as the wastewater utility manager, absent an authorizing ordinance. SeeThompson v. Roberts, 333 Ark. 544, 970 S.W.2d 239 (1998).
Arkansas Code Annotated § 14-359-115 (Supp. 2005), regarding additional powers of municipal aviation commissioners, states:
 (a) The commissioners shall, in addition to other powers enumerated in this chapter, have such other and further powers as are by law given to the city council of any city.
 (b) They shall be governed by all existing statutes pertaining to the duties of city councils.
Id. (emphasis added). I must note that there is no corresponding statute applying the laws governing city councils to municipal water commissioners or employees of a municipal waterworks system that predates 1957 under A.C.A. §§ 14-201-201
through -208 (Repl. 1998).
Specifically, your request for an opinion is concerned with the statutory conflict of interest prohibition that states:
 No alderman or council member shall be appointed to any municipal office, except in cases provided for in §§ 14-36-101 et seq. — 14-61-101 et seq., during the time for which he or she may have been elected.
A.C.A. § 14-42-107(a)(2) (Supp. 2005). As quoted above, A.C.A. §14-359-115 applies the "existing statutes pertaining to the duties of the city council" to aviation commissioners. Arguably, this includes the limitation on possible duties contained in A.C.A. § 14-42-107 recited above. In my opinion, it is reasonable to apply the limitations on service in A.C.A. § 14-42-107(a)(2) to municipal airport commissioners pursuant to A.C.A. §14-359-115(b).
Under A.C.A. § 14-42-107(a)(2), a sitting member of the aviation commission would be forbidden from being appointed as manager of the wastewater utility, assuming the latter position is an "office" within the meaning of that provision. Id. There is not, however, an inverse prohibition in A.C.A. § 14-42-107 that precludes an individual holding an appointed municipal office from being appointed to the aviation commission.
More applicable to this situation, however, is A.C.A. §14-47-107(b)(1). Specifically, A.C.A. § 14-42-107 states in pertinent part:
 No alderman, council member, official, or municipal employee shall be interested, directly or indirectly, in the profits of any contract for furnishing supplies, equipment, or services to the municipality unless the governing body of the city has enacted an ordinance specifically permitting aldermen, council members, officials, or municipal employees to conduct business with the city and prescribing the extent of this authority.
Id. at (b)(1). An airport aviation commissioner is an officer of the municipality. See, e.g., Op. Att'y Gen. 2005-013. Service as wastewater manager, whether as an employee or an officer, can be characterized as a contract for services with the municipality. See Thompson, supra (characterizing the position of bookkeeper for the city as a contract for services with the city for the purposes of A.C.A. § 14-42-107). Because an airport commissioner cannot have an interest, direct or indirect, in the profits of a contract for services with the municipality, in my opinion the dual service proposed in your request for an opinion would be barred by statute unless specifically authorized by ordinance as contemplated by A.C.A. § 14-42-107(b)(1).
By the plain and ordinary language of the statute, the individual could not serve as both an airport commissioner and the wastewater utility manager because he, as an officer of the municipality as an aviation commissioner, would be directly interested in the contract for services as a wastewater manager in violation of A.C.A. § 14-42-107(b)(1) absent an authorizing ordinance pursuant to the statute.
Question Two: If not precluded by code provision, would theUtility Manager be precluded from appointment as a member of thecity's Aviation Commission under common law, such as incompatibleduties or conflict of interest?
As discussed in response to Question One, above, there is a statutory prohibition applicable to the dual service that you have described. If, however, there were an authorizing ordinance as contemplated in A.C.A. § 14-42-107(b)(1), in my opinion the simultaneous service you have described would not be prohibited by the common law doctrine of incompatibility because the statute has abrogated the doctrine in this situation. If an individual does serve in both positions under an ordinance described above, common law conflicts of interest may require periodic recusal from certain votes and actions.
In addressing a potential prohibition under A.C.A. §14-42-107(b)(1), I have stated:
 Given my conclusion that A.C.A. § 14-42-107(b)(1) would bar the dual service absent an authorizing ordinance, I need not address whether the dual service would have been barred under the common-law doctrine of incompatibility. Statutory law in this case would apply either to bar the dual service or, if an ordinance authorized doing so, to allow it. This statute would supersede what might otherwise have been the application of the common law [doctrine of incompatibility].
Op. Att'y Gen. 2005-037. See also Op. Att'y Gen. 2005-076.
Notwithstanding the absence of a common law prohibition on dual service, there is a potential for isolated conflicts of interest to arise because the wastewater commission provides sewer services to the airport. If serving in both capacities, the individual should abstain from any decision-making in situations where his or her loyalty would be divided between the duties of the two positions. In addressing common law conflicts of interest, I have stated:
 The common law prohibition against conflicts of interests provides as follows:
 A public office is a public trust . . . and the holder thereof may not use it directly or indirectly for personal profit, or to further his own interest, since it is the policy of law to keep an official so far from temptation as to insure his unselfish devotion to the public interest. Officers are not permitted to place themselves in a position in which personal interest may come into conflict with the duty which they owe to the public, and there a conflict of interest arises, the officeholder is disqualified to act in the particular matter and must withdraw.
67 C.J.S. Officers § 204.
As my predecessor noted in Op. Att'y Gen. 95-099:
 The "conflict of interest theory" is based "on the fact that an individual occupying a public position uses the trust imposed in him and the position he occupies to further his own personal gain. It is the influence he exerts in his official position to gain personally in spite of his official trust which is the evil the law seeks to eradicate.
 In Op. Att'y Gen. 93-184, my predecessor summarized the operative inquiry as being whether the officer "has a personal interest which might interfere with the unbiased discharge of his duty to the public." The furtherance of the officer's personal interest is thus the focal point of inquiry in determining whether an unlawful conflict of interest exists at common law.
Op. Att'y Gen. 2003-007 (citations omitted).
This is a factually specific determination. As noted above, I am unable to specifically address this issue based on the information provided in your request for an opinion. I recommend that the interested parties consult with local counsel more familiar with the exact duties and responsibilities of the positions involved.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: JMD/cyh